(Nos. 765, 766, 768—

NEW YORK, CHICAGO AND ST. LOUIS RAILROAD COMPANY, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 14, 1926.*

*Rehearing denied January 19, 1927.*

*Motion to set aside previous orders allowed March 10, 1927.*

ALSCHULER, PUTNAM & FLANNIGEN, for claimant.

OSCAR E. CARLSTROM, Attorney General; DAVID J. KADYK, Assistant Attorney General, for respondent.

Mr. CHIEF JUSTICE CLARITY delivered the opinion of the court:

It· appears from a stipulation filed herein that claimant on or about Feb. 3rd, 1919, in pursuance of the Public Utilities Law of the State of Illinois, applied to the Public Utilities Commission for its approval of the issue by claimant of its evidence of indebtedness in the form of its second and improvement mortgage bonds secured by a second and improvement mortgage, said mortgage being a lien upon the entire railroad property of the claimant, and it further appears by such stipulation that said issue of bonds in the principal sum of Four Million One Hundred Thirty-five Thousand (4,135,000.00) Dollars, were approved by the said Public Utilities Commission of Illinois, and an order was entered by said commission directing claimant to pay an amount equal to ten cents on every one hundred dollars of the bonds authorized by this order, and that said amount should be paid into the State Treasury of Illinois before said bonds could be issued.

In pursuance of said order the claimant on or about Feb. 21, 1919, after stating to the commission and to the State Treasurer of Illinois, that it should not pay a sum equal to ten cents on every one hundred dollars of notes authorized, paid into the State Treasury of Illinois Four Thousand One Hundred and Thirty-five ($4,135.00) Dollars, being the charge prescribed by said order of said commission.

It was further stipulated that if witnesses were offered by the claimant and examined they would testify that the funds should be immediately available to meet, discharge and refund obligations incurred and that claimants could not wait without inconvenience and loss any further orders of said commission, or of any court, and that it was of urgent necessity to said claimant that the issue of said bond be approved by said commission immediately and without delay in order that the same might be sold at once to provide funds for the aforesaid purpose; by reason whereof the said money was paid into the State Treasury to avoid such inconvenience and loss.

The stipulation contained other clauses but the above as recited shows the main contentions of the claimant and said stipulation or the part recited above appears to the court to be similar in cases Nos. 765, 766 and 768. Therefore the disposition of all three cases will be controlled by this opinion. The essence of the contention of the claimant is that a portion of the payments made by them should not be made owing to the fact that certain of the property and assets upon which the aforesaid bonds were to be secured, were without the State of Illinois. It is not necessary to discuss the amount of property in the State or outside of the State in view of the opinion of this court as the question to be considered here is whether or not the claimant is entitled to recover any part of the charges paid by them. A contention of the State is that the Public Utilities Act of 1913, provided claimant with a specific remedy by appeal from the orders complained of herein, and that the orders of the Public Utilities Commission are not subject to review by the Court of Claims.

It is the opinion of this court that the Public Utilities Act provided an adequate remedy for the claimant by an appeal to the Circuit Court and on to the Supreme Court of the State of Illinois, if they saw fit to pursue the matter for a final adjudication.

Having failed to follow the plan as provided by the statute, the claimant cannot obtain the relief sought in the Court of Claims. If the statute had been followed and the Supreme Court has passed judgment in favor of the claimant, then of course this court would follow the law or judgment of the Supreme Court in the instant cases.

It is urged that this case is one that should be considered as a matter of equity and good conscience. It does not appear to the court as reasonable to employ this rule in this case in view of the fact that claimant was provided by statute with a clear legal remedy.

It is the opinion of this court that it was the intention of the Legislature when the Court of Claims was established to give jurisdiction to the Court of Claims only in such cases that could not be heard or determined by any other court or by any other process of law provided by the statutes of the State of Illinois. The Public Utilities Act provided a means as the Legislature intended for those who were dissatisfied by the rulings or decisions of the commission to appeal to the courts of the State for an adjudication of any dispute that might arise or any injustice that might appear to any party or person in interest.

It is therefore considered by the Court that Claims Nos. 765, 766 and 768 be disallowed.

Subsequently, on January 19, 1927, the following order was filed:

This matter coming on for a further consideration on petition for a rehearing, and the court after reading and considering the said petition, is of the opinion that there is no reason disclosed by such petition or suggestions therein to change or alter the opinion of this court heretofore filed.

Therefore it is considered by this court that said petition for rehearing be and the same is hereby denied.

On March 10, 1927, the following order was filed:

This matter coming on to be heard on the motion of the complainant, in the above entitled cause, the New York, Chicago, and St. Louis Railroad Company, asking that the order entered herein, denying the motion for a rehearing, filed by said complainant, be set aside, and the court, having heard arguments of counsel, and the State of Illinois being represented by the Attorney General and the complainant by its counsel, and the court being fully advised in the premises, it is, therefore, ordered that the order entered by this court, denying the petition for rehearings filed on the behalf of the complainant in the above entitled claims, be and is hereby set aside.

It further appears to the court that in order that the complainant may have a just and fair consideration of its petitions for rehearing, that said petitions for rehearing be and shall be considered along with said other petitions for rehearings pending to certain other claims involving the same subject matter as to facts and law.

On June 14, 1931, the following additional order was filed:

Now this cause coming on to be heard upon the statements filed by claimants and statements filed by the Attorney General on behalf of the State, and the court having considered said statements and the petitions for rehearing herein heretofore filed.

And it appearing to the court that nothing contained in the statements filed by the claimants reveal sufficient cause or reason for the modification or change of the opinion heretofore filed in these cases, it is ordered by the court that the opinion heretofore filed be, and it is hereby confirmed and the cause dismissed.